UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GROVER H. DAVIS,

Plaintiff,

v.

Case No. 1:08-cv-243
Hon. Robert J. Jonker

THOMAS E. SHUMAKER,

Defendant.
_______________________________/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by pro se plaintiff against defendant, a state-court judge. Plaintiff's complaint alleges that defendant violated 28 U.S.C. § 455 and the Michigan Constitution by failing to recuse himself from two personal protection order proceedings between February and March 2007. On June 23, 2008, this court entered an order pointing out deficiencies in plaintiff's complaint and directing him to show cause why this action should not be dismissed.

Plaintiff filed a timely response, which acknowledged that this action should have been brought pursuant to 42 U.S.C. § 1983, rather than 28 U.S.C. § 455. Plaintiff's response included a proposed amended complaint consisting of two counts. In Count I, plaintiff alleged a "violation of due process of law." In Count, II, plaintiff alleged a violation of 6th Amendment, i.e., that "the accused shall enjoy the right to a speedy and public trial." Plaintiff seeks relief including "all compensatory damages, actual damages, and equitable and injunctive relief to which the court finds him entitled." The district court referred this matter to the undersigned for issuance of a report and recommendation pursuant to 28 U.S.C. § 636 and W.D. Mich. LCivR 72.

**II. Discussion**

**A. Claim for monetary damages**

Plaintiff was allowed to file the present action *in forma pauperis* pursuant to 28 U.S.C. § 1915. As such, his suit is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), which provides that the court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . .seeks monetary relief against a defendant who is immune from such relief." "Section 1915(e)(2) requires the court to screen and dismiss complaints 'even before . . . the individual has had an opportunity to amend the complaint.'" *Rucker v. Potter*, 215 Fed.Appx. 406, 408 (6th Cir. 2007), *quoting McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). *See, e.g., Garrison v. Braddock*, No. 98-2109, 2000 WL 1276750 at *2 (6th Cir. Aug. 28, 2000) (while this circuit previously required a district court to serve notice to all parties and allow a *pro se* plaintiff to amend his complaint or respond before dismissing a § 1983 complaint, the current statute, § 1915(e)(2)(B), "does not allow a district court judge to schedule a hearing or permit an *in forma pauperis* plaintiff an opportunity to amend his complaint, it commands that he '*shall* dismiss the case'") (emphasis added by Sixth Circuit).

In his complaint, plaintiff alleged that defendant exhibited personal bias against him in two personal protection order proceedings and deprived him of his constitutional right to a jury trial. Plaintiff did not provide any additional information regarding these proceedings. Then, in his response to the show cause order, plaintiff submitted copies of various court documents filed in St. Joseph County Circuit Court Case No. 06-511 NA including defendant's September 10, 2007 order terminating plaintiff's parental rights. As a general rule, judges are entitled to judicial immunity from a suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9-11 (1991). A judge's immunity is overcome in only two situations: (1) nonjudicial actions (i.e., actions not taken in the judge's

official capacity); and (2) judicial actions taken in the complete absence of all jurisdiction. *Id.* at 10-12. A judge will not be deprived of immunity because the action he took was in error or exceeded his authority. *Id.* at 12-13. Neither the vague allegations in plaintiff's complaint nor the documents submitted in his response to the show cause order indicate that defendant engaged in nonjudicial actions or that the alleged actions were taken in the complete absence of all jurisdiction. In summary, plaintiff's claim does not overcome defendant's judicial immunity.

Pursuant to § 1915(e)(2)(B)(iii), this court can sua sponte dismiss claims in which a plaintiff seeks monetary relief against a judge possessing judicial immunity. *Davis v. Daughtrey*, 36 Fed. Appx. 178, 178-79 (6th Cir. 2002); *Scott v. Harris*, No. 98-3828, 1999 WL 506985 at *1 (6th Cir. June 10, 1999). Accordingly, plaintiff's claims for money damages against defendant should be dismissed.

**B. Other relief against the judge**

Plaintiff's complaint also includes a claim for unspecified equitable and injunctive relief. These claims are without merit. Title 42 U.S.C. § 1983 provides that "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity, unless a declaratory decree was violated or declaratory relief was unavailable." Plaintiff's claims do not involve the violation of a declaratory decree or the unavailability of declaratory relief. Accordingly, he is not entitled to any equitable or injunctive relief against defendant. *See Massey v. Stosberg*, 136 Fed. Appx. 719, 720 (6th Cir. 2005) (plaintiff's claims for "various forms of injunctive relief" against bankruptcy judge not allowed under § 1983); *Montero v. Travis*, 171 F.3d 757, 761 (2nd Cir. 1999) (a § 1983 claim seeking injunctive relief against a judge fails where the plaintiff failed to allege the violation of a declaratory decree or the

unavailability of declaratory relief); *Carney v. Christiansen*, 422 F. Supp. 2d 841, 849 (W.D. Mich. 2006) (plaintiff's claim for injunctive relief against a state court judge is precluded by § 1983, where the contested action arose from an order issued within the scope of the judge's authority).

Furthermore, plaintiff's § 1983 action is not an appropriate method to obtain relief from the judge's September 10, 2007 order, or the person protection orders allegedly entered by him. "[T]his Circuit has made it plain that the filing of an action under § 1983 cannot serve as a basis for relitigating questions previously decided in the State courts." *Tonti v. Petropoulus*, 656 F.2d 212, 216 (6th Cir. 1981). "The Civil Rights Act was not designed to be used as a substitute for the right of appeal." *Coogan v. Cincinnati Bar Association*, 431 F.2d 1209, 1211 (6th Cir. 1970). Accordingly, plaintiff's claims for unspecified equitable or injunctive relief should be dismissed.

**III. Recommendation**

For these reasons, I respectfully recommend that plaintiff's complaint be **DISMISSED**.

Dated: September 18, 2008

/s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).