UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GROVER H. DAVIS,

    Plaintiff,

CASE NO. 1:08-CV-243

v.

HON. ROBERT J. JONKER

THOMAS E. SHUMAKER,

    Defendant.
_____/

## ORDER AND JUDGMENT APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket #10) filed on September 18, 2008. Plaintiff filed his Objection to the Report and Recommendation (docket #11) on September 26, 2008.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Brenneman; the Report and Recommendation itself; and Plaintiff's Objection. After its review, the Court finds Magistrate Judge Brenneman's Report and Recommendation to be both factually sound and legally correct.  The Report and Recommendation recommends that Plaintiff's complaint be dismissed for failure to state a claim because Defendant, a state court judge, is entitled to absolute judicial immunity.  Plaintiff objects to the Report and Recommendation on the grounds that Defendant is stripped of judicial immunity because he acted in the absence of all jurisdiction. Plaintiff's argument is without merit.

Defendant in this case is a judge in the 45th Circuit Court of Michigan, St. Joseph County. Defendant presides over cases in the Circuit Court's Family Court Division and in the Probate Court. As a state judicial officer, Defendant is entitled to absolute judicial immunity from suit for money damages for "all actions taken in [his] judicial capacity, unless [those] actions are taken in the complete absence of any jurisdiction."  *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994).  This immunity extends to suits for injunctive relief, "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *Roth v. King*, 449 F.3d 1272, 1286-87 (D.C. Cir. 2006); *accord Gilbert v. Ferry*, 401 F.3d 411, 414 n. 1 (6th Cir. 2005).

Plaintiff contends that Defendant is stripped of judicial immunity because he is a "Probate Judge who tries criminal offenses."  (Plaintiff's Objection to this Court's Report and Recommendation, docket #11, at 3.) The only proceedings, criminal or otherwise, that Plaintiff

identifies as the source of his injury are child personal protection order proceedings in which Defendant ordered Plaintiff's parental rights terminated. (*See* Plaintiff's Response to Order to Show Cause, docket #8, Exhibit 1.) Such proceedings are within the general subject matter jurisdiction of the St. Joseph County Circuit Court and are properly heard by judges in the Family Court Division. *See* M.C.L.A. 600.2950 (stating "an individual may petition the family division of circuit court to enter a personal protection order to restrain or enjoin . . . an individual with whom he or she has had a child in common"); *see also* Mich. Const. Art. VI, §§ 1, 13 (stating that the circuit courts are "trial court[s] of general jurisdiction," and have "original jurisdiction in all matters not prohibited by law.") Consequently, Plaintiff fails to establish that Defendant acted in the "absence of all jurisdiction," and thus Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief can be granted. *See Marshall v. Bowles*, 92 Fed. Appx. 283, 285 (6th Cir. 2004) ("A judge acts in the complete absence of all jurisdiction only if a matter was clearly outside the court's subject matter jurisdiction.")

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed September 18, 2008, is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** for failure to state a claim.


Dated:   February 19, 2009                 /s/ Robert J. Jonker
                                           ROBERT J. JONKER
                                           UNITED STATES DISTRICT JUDGE